Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Michele Beal Bagneris, City Attorney (SBN: 115423)
mbagneris@cityofpasadena.net
Hugh Halford, Assistant City Attorney (SBN: 113359)
hhalford@cityofpasadena.net
100 N. Garfield Avenue, Room N-210
PO BOX 7115
Pasadena, CA  91109
Telephone: (626) 744-4141
Facsimile: (626) 744-4190

Attorneys for Defendants
CITY OF PASADENA, PASADENA POLICE CHIEF PHILLIP SANCHEZ, OFFICER MATTHEW GRIFFIN, OFFICER JEFFREY NEWLEN and DET. KEITH GOMEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH McDADE, ANYA SLAUGHTER, and THE ESTATE OF KENDREC McDADE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PASADENA, PASADENA POLICE CHIEF PHILLIP SANCHEZ, LT. PHLUNTE RIDDLE, OFFICER MATHEW GRIFFIN #3135, OFFICER JEFFREY NEWLEN #6113, DET. KEITH GOMEZ #3196, and individually and in their official capacity and DOES 1-10 inclusive,<br><br>Defendants. | Case No:  CV12-02892 DMG (JCGx)<br><br>**DEFENDANTS CITY OF PASADENA, PASADENA POLICE CHIEF PHILLIP SANCHEZ, OFFICER MATTHEW GRIFFIN, OFFICER JEFFREY NEWLEN AND DET. KEITH GOMEZ'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>DATE:    February 5, 2013<br>TIME:    2:00 p.m.<br>DEPT:    Courtroom A, 8th Floor<br>JUDGE:  Magistrate Jay C. Gandhi |

# NOTICE

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on the date, time and location noted herein above, Defendants CITY OF PASADENA, PASADENA POLICE CHIEF PHILLIP SANCHEZ, OFFICER MATTHEW GRIFFIN, OFFICER JEFFREY NEWLEN and DET. KEITH GOMEZ (hereinafter "Defendants") will move this Court for the issuance of a Protective Order authorizing the production of otherwise privileged information and records in the above-referenced litigation and limiting the dissemination of said information outside the scope of this litigation.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which first occurred on October 26, 2012 and has continued until the filing of this Motion. Despite best efforts, the issues presented in this Motion could not be resolved informally.

Said Motion will be based upon this Notice, the Memorandum of Points and Authorities in support thereof, the Joint Stipulation, Declaration of Kevin Gilbert and the Court's full file together with such oral and documentary evidence as may be submitted to the Court for consideration.

Dated: January 14, 2013          Respectfully submitted,

            MEYERS, NAVE, RIBACK, SILVER & WILSON


            By:  /s/   Kevin E. Gilbert
               Kevin E. Gilbert
               Attorney for Defendants
               CITY OF PASADENA, PASADENA POLICE
               CHIEF PHILLIP SANCHEZ, OFFICER
               MATTHEW GRIFFIN, OFFICER JEFFREY
               NEWLEN and DET. KEITH GOMEZ

## MEMORANDUM OF POINTS AND AUTHORITIES

This matter arises as a result of the death of Mr. Kendrec McDade, who was shot and killed by Defendant Officers Griffin and Newlen on March 24, 2012. Both officers were employed as police officers for the City of Pasadena at the time of the subject incident. As a result of that incident, an investigation was undertaken which all parties would like to use in the above-referenced matter. However, Defendants contend that the investigation and information related thereto is privileged and exempt from public disclosure.

In order to allow the prompt disclosure and use of said information in this litigation, Defendants request this Court sign their proposed Stipulated Protective Order which will allow Defendants to disclose appropriate information which would otherwise be privileged. That proposed Stipulated Protective Order was previously circulated by counsel for Defendants to all parties, a copy of which is attached as Exhibit 1 to Declaration of Kevin E. Gilbert; all parties except Plaintiffs Kenneth McDade and The Estate of Kendrec McDade approved that Stipulated Protective Order, which prohibits the dissemination of any privileged information disclosed in these proceedings beyond this litigation.

**A.   A Protective Order is Appropriate to Assure Privileged Information is Not Disseminated Beyond this Litigation**

The pending dispute involves only the protections afforded to information that Defendants wish to produce in this litigation. Defendants are desirous of producing and utilizing the investigative report and related evidence pertaining to the above-referenced litigation but contend such information must remain privileged and exempt from public disclosure; such protections are appropriate given the pending criminal investigation and potential prosecution of Defendant Officers Griffin and Newlen as well as Defendant Carrillo. Further, the subject investigation contains confidential information which is otherwise restricted from public dissemination.

///

In order to better understand the need for a protective order, a brief description of the relevant privacy rights is necessary.  In summary, California law requires all police officer records are to remain strictly confidential, especially when they include information from an officers personnel file.  (California Penal Code § 832.7; Evidence Code § 1040.)  Defendants contend that any information from the officers' personnel files as well as the complete investigative report are privileged.  Indeed, federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests.  (*Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995).)  In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential.  (*Kelly v. City of San Jose*, 114 F.R.D. 114 F.R.D. 653, 660 (N.D. Cal. 1987).)  These privacy interests must be balanced against the weight afforded to federal law in civil rights cases against police departments.  (*Soto*, 162 F.R.D. at 616.)

The standard for balancing between a plaintiff's right to discovery and a defendant's right to privacy was articulated by the Court in *Soto v. City of Concord* as follows:

> Federal common law recognizes a qualified privilege for official information. (*Kerr v. U.S. Dist. Ct. for the Northern Dist.*, 511 F.2d 192, 198 (9th Cir. 1975).)  In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege. (*Kelly v. City of San Jose*, 114 F.R.D. at 660; *Miller v. Pancucci*, 141 F.R.D. at 300; *Hampton v. City of San Diego*, 147 F.R.D. at 230-31; *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir.1990), cert den., 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991).)  In the context of civil rights suits against police departments, this balancing approach should be "moderately pre-weighted in favor of disclosure." (*Kelly*, 114 F.R.D. at 661.)

. . .

If the party asserting the privilege meets the threshold requirement, the court will conduct a balancing analysis that considers, but is not limited to, the following factors: (1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case. (*Kelly v. City of San Jose*, 114 F.R.D. at 663, citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa.1973).)

Here, the Court need not determine whether the subject information is discoverable; Defendants are already offering to produce the subject information. Instead, the Court is being asked to enter a protective order to assure such privileged information is not improperly disseminated beyond the scope of this litigation. Such measures are appropriate given the contents of the subject investigative report, which includes but is not limited to the following:

1. Evidence related to an ongoing criminal investigation and potential prosecution protected under Ca. Evidence Code Section 1040;

2. Limited information from the involved police officers' confidential personnel files protected under Ca. Penal Code Section 832.7;[1]

///

---

[1] Presumably, Plaintiffs will request the personnel files for the two involved officers, which need also be subject to this protective order. The issue of whether IA files from unrelated incidents, if any, are discoverable is not at issue in this Motion.

3. Information related to a minor allegedly involved in the commission of a felony which is protected under Ca. Welfare & Institutions Code Section 827; and

4. Court order(s) entered in the related criminal prosecution of the involved minor.

Where documents or information is to be disclosed, a protective order is appropriate to protect against unnecessary disclosure of private matters to persons with no legitimate interest in the documents or information. The individual's privacy interests may be protected with the use of a tightly drawn protective order, specifying that only the plaintiffs, their counsel, and experts may have access to such materials, and that copies of such materials will be returned to the defendants at the conclusion of the case. (*Soto*, 162 F.R.D. at 617.)

As the party seeking a protective order, Defendants must demonstrate that "good cause" exists for protection of that evidence. (Fed. R. Civ. P. 26(c)(1); see *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) ("the district court must determine whether good cause exists"); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (denying requested relief because party "never made a 'good cause' showing under Fed R. Civ. P. 26(c) justifying initial protection").) Defendants are not seeking an order prohibiting disclosure of any documents. Instead, Defendants are requesting the Court allow them to produce information otherwise exempt from disclosure under state law as discussed above. Defendants proposed Stipulated Protective Order contains a provision whereby Plaintiffs can dispute the confidential nature of any produced document. Said proposed Protective Order is also in compliance with Local Rule 79-5 as it requires a party seeking to file any protected information to comply with all local rules. (See Proposed Protective Order at Section 12.3.)

Defendants have proposed a Protective Order here, a copy of which is attached to the Declaration of Kevin E. Gilbert in support of this Motion. Counsel for Plaintiff Slaughter has approved and signed that proposed Protective Order. Only counsel for

Plaintiffs McDade and the Estate of Kendrec McDade have refused to do so. Despite Defendants' efforts to discuss this matter directly with counsel, no explanation of why the proposed Protective Order is inappropriate or objected to has been offered.

Defendants request the attached proposed Stipulated Protective Order be approved and signed by this Court, thereby allowing Defendants to provide Plaintiffs with copies of the subject police report and investigative file forthwith.

**B.  Conclusion**

For the foregoing reasons, Defendants respectfully request this Court sign the proposed Stipulated Protective Order prohibiting the dissemination of any otherwise privileged information beyond the scope of this litigation.

Dated:  January 14, 2013          Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON


By:         /s/   Kevin E. Gilbert
          Kevin E. Gilbert
          Attorney for Defendants
          CITY OF PASADENA, PASADENA POLICE
          CHIEF PHILLIP SANCHEZ, OFFICER
          MATTHEW GRIFFIN, OFFICER JEFFREY
          NEWLEN and DET. KEITH GOMEZ

2027369.1