1 | Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@meyersnave.com
2 | MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
3 | Oakland, CA  94607
Telephone: (510) 808-2000
4 | Facsimile: (510) 444-1108

5 | Michele Beal Bagneris, City Attorney (SBN: 115423)
mbagneris@cityofpasadena.net
6 | Hugh Halford, Assistant City Attorney (SBN: 113359)
hhalford@cityofpasadena.net
7 | 100 N. Garfield Avenue, Room N-210
PO BOX 7115
8 | Pasadena, CA  91109
Telephone: (626) 744-4141
9 | Facsimile: (626) 744-4190

10 | Attorneys for Defendants
CITY OF PASADENA, PASADENA POLICE CHIEF PHILLIP SANCHEZ,
11 | OFFICER MATTHEW GRIFFIN, OFFICER JEFFREY NEWLEN
and DET. KEITH GOMEZ

12 |

13 | UNITED STATES DISTRICT COURT

14 | CENTRAL DISTRICT OF CALIFORNIA

15 | KENNETH McDADE, ANYA SLAUGHTER, and THE ESTATE OF KENDREC McDADE,

Case No:  CV12-02892 DMG (JCGx)

16 |

17 | Plaintiffs,

**JOINT STIPULATION IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

18 | v.

19 | CITY OF PASADENA, PASADENA POLICE CHIEF PHILLIP SANCHEZ, LT. PHLUNTE RIDDLE, OFFICER MATHEW GRIFFIN #3135, OFFICER JEFFREY NEWLEN #6113, DET. KEITH GOMEZ #3196, and individually and in their official capacity and DOES 1-10 inclusive,

DATE:   February 5, 2013
TIME:   2:00 p.m.
DEPT:   Courtroom A, 8th Floor
JUDGE:  Magistrate Jay C. Gandhi

20 |

21 |

22 |

23 |

24 | Defendants.

25 |

26 |

27 |

28 |

## JOINT STIPULATION

Pursuant to Local Rule 37-2, the parties submit the following Joint Stipulation regarding Defendants CITY OF PASADENA, PASADENA POLICE CHIEF PHILLIP SANCHEZ, OFFICER MATTHEW GRIFFIN, OFFICER JEFFREY NEWLEN and DET. KEITH GOMEZ's (hereinafter "Defendants") Motion for Protective Order.

### I.   Defendants' Introductory Statement

This matter arises as a result of the death of Mr. Kendrec McDade, who was shot and killed by Defendant Officers Griffin and Newlen on March 24, 2012.  Both officers were employed as police officers for the City of Pasadena at the time of the subject incident.  As a result of that incident, an investigation was undertaken which all parties would like to use in the above-referenced matter.  However, Defendants contend that the investigation and information related thereto is privileged and exempt from public disclosure.

In order to allow the prompt disclosure and use of said information in this litigation, Defendants request this Court sign their proposed Stipulated Protective Order which will allow Defendants to disclose appropriate information which would otherwise be privileged.  That proposed Stipulated Protective Order was previously circulated by counsel for Defendants to all parties, a copy of which is attached as Exhibit 1 to Declaration of Kevin E. Gilbert; all parties except Plaintiffs McDade and The Estate of Kendrec McDade approved that Stipulated Protective Order, which prohibits the dissemination of any privileged information disclosed in these proceedings beyond this litigation.

### II.   Plaintiff Anya Slaughter's Introductory Statement

The parties disagree as to the confidentiality of a number of documents currently in the possession of Defendants.  For example, Defendants contend that certain police reports are confidential; Plaintiffs Anya Slaughter and Kenneth McDade disagree.  However, without prejudice to these disagreements, Plaintiff Anya Slaughter considers it best to resolve them through the framework set forth in the proposed protective order.

Specifically, paragraphs 6.1 through 6.3 provide an efficient vehicle for resolving challenges respecting the designation of any documents as confidential, with the advantage that all parties will have possession of the challenged documents at the time any challenge is litigated and resolved.  Plaintiff Anya Slaughter understands that, subject to the proposed protective order, Defendants intend to promptly produce all of the documents she has requested.

Accordingly, Plaintiff Anya Slaughter does not oppose the instant motion for a protective order.

**III.   Plaintiffs Kenneth McDade and The Estate of Kendrec McDade's Introductory Statement**

No response received.

**IV.   A Protective Order is Appropriate to Assure Privileged Information is not Disseminated Beyond this Litigation**

**A.   Defendants' Position**

The pending dispute involves only the protections afforded to information that Defendants wish to produce in this litigation.  Defendants are desirous of producing and utilizing the investigative report and related evidence related to the above-referenced litigation but contend such information must remain privileged and exempt from public disclosure; such protections are appropriate given the pending criminal investigation and potential prosecution of Defendant Officers Griffin and Newlen as well as Defendant Carrillo.  Further, the subject investigation contains confidential information which is otherwise restricted from public dissemination.

In order to better understand the need for a protective order, a brief description of the relevant privacy rights is necessary.  In summary, California law requires all police officer records are to remain strictly confidential, especially when they include information from an officers personnel file.  (California Penal Code § 832.7; Evidence Code § 1040.)  Defendants contend that any information from the officers' personnel files as well as the complete investigative report are privileged.   Indeed, federal courts

ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests.  (*Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995).)  In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential.  (*Kelly v. City of San Jose*, 114 F.R.D. 114 F.R.D. 653, 660 (N.D. Cal. 1987).)  These privacy interests must be balanced against the weight afforded to federal law in civil rights cases against police departments. (*Soto*, 162 F.R.D. at 616.)

The standard for balancing between a plaintiff's right to discovery and a defendant's right to privacy was articulated by the Court in *Soto v. City of Concord* as follows:

> Federal common law recognizes a qualified privilege for official information.  (*Kerr v. U.S. Dist. Ct. for the Northern Dist.*, 511 F.2d 192, 198 (9th Cir. 1975).)  In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege.  (*Kelly v. City of San Jose*, 114 F.R.D. at 660; *Miller v. Pancucci*, 141 F.R.D. at 300; *Hampton v. City of San Diego*, 147 F.R.D. at 230-31; *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir.1990), cert den., 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991).)  In the context of civil rights suits against police departments, this balancing approach should be "moderately pre-weighted in favor of disclosure."  (*Kelly*, 114 F.R.D. at 661.)
>
> . . .
>
> If the party asserting the privilege meets the threshold requirement, the court will conduct a balancing analysis that considers, but is not limited to, the following factors: (1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent  program improvement will be chilled by disclosure; (4) whether the

information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case.  (*Kelly v. City of San Jose*, 114 F.R.D. at 663, citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa.1973).)

Here, the Court need not determine whether the subject information is discoverable; Defendants are already offering to produce the subject information. Instead, the Court is being asked to enter a protective order to assure such privileged information is not improperly disseminated beyond the scope of this litigation.  Such measures are appropriate given the contents of the subject investigative report, which includes but is not limited to the following:

1.    Evidence related to an ongoing criminal investigation and potential prosecution protected under Ca. Evidence Code Section 1040;

2.    Limited information from the involved police officers' confidential personnel files protected under Ca. Penal Code Section 832.7;[1]

3.    Information related to a minor allegedly involved in the commission of a felony which is protected under Ca. Welfare & Institutions Code Section 827; and

4.    Court order(s) entered in the related criminal prosecution of the involved minor.

Where documents or information is to be disclosed, a protective order is appropriate to protect against unnecessary disclosure of private matters to persons with no legitimate interest in the documents or information.  The individual's privacy

---

[1] Presumably, Plaintiffs will request the personnel files for the two involved officers, which need also be subject to this protective order.  The issue of whether IA files from unrelated incidents, if any, are discoverable is not at issue in this Motion.

interests may be protected with the use of a tightly drawn protective order, specifying that only the plaintiffs, their counsel, and experts may have access to such materials, and that copies of such materials will be returned to the defendants at the conclusion of the case.  (*Soto*, 162 F.R.D. at 617.)

Defendants have proposed a protective order here, a copy of which is attached to the Declaration of Kevin E. Gilbert in support of this Motion.  Counsel for Plaintiff Slaughter has approved and signed that proposed protective order.  Only counsel for Plaintiffs McDade and the Estate of Kendrec McDade has refused to do so.  Despite Defendants efforts to discuss this matter directly with counsel, no explanation of why the proposed order is inappropriate or objected to has been offered.

Defendants request the attached Proposed Protective Order be approved and signed by this Court, thereby allowing Defendants to provide Plaintiffs with copies of the subject police report and investigative file forthwith.

### B.    Plaintiff Anya Slaughter's Position

Plaintiff Anya Slaughter disagrees with Defendants to the extent they assert that any document requested by her is confidential or privileged, and she reserves the right to fully litigate these issues in the future.  However, for the reasons stated in Part II, *supra*, Plaintiff Anya Slaughter does not oppose the instant motion for a protective order because she believes that discovery will proceed more smoothly and efficiently with a protective order in place.

///
///
///
///
///
///
///
///

Joint Stipulation in Support of Defendants' Motion for Protective Order [CV12-02892 DMG (JCGx)]

**C.    Plaintiffs Kenneth McDade and The Estate of Kendrec McDade's Position**

No response received.

DATED:  January ___, 2013          LAW OFFICES OF CAREE HARPER

By_____

Caree Harper
Attorney for Plaintiffs
KENNETH McDADE and THE ESTATE
OF KENDREC McDADE

DATED:  January 8, 2013          LAW OFFICES OF DALE K. GALIPO

By_____/s/  Thomas C. Seabaugh_____

Thomas C. Seabaugh
Attorney for Plaintiff
ANYA SLAUGHTER

DATED:  January 8, 2013          MEYERS, NAVE, RIBACK, SILVER & WILSON

By_____/s/  Kevin E. Gilbert_____

Kevin E. Gilbert, Esq.
Attorney for Defendants
CITY OF PASADENA, PASADENA
POLICE CHIEF PHILLIP SANCHEZ,
OFFICER MATTHEW GRIFFIN,
OFFICER JEFFREY NEWLEN and DET.
KEITH GOMEZ

2027068.1

Joint Stipulation in Support of Defendants' Motion for Protective Order [CV12-02892 DMG (JCGx)]