LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, (Bar No. 144074)
Email: dalekgalipo@yahoo.com
Thomas C. Seabaugh, Esq. (Bar No. 272458)
Email: tseabaugh@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiff
ANYA SLAUGHTER

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
CITY OF PASADENA, PASADENA POLICE CHIEF PHILLIP SANCHEZ, OFFICER MATTHEW GRIFFIN, OFFICER JEFFREY NEWLEN and DET. KEITH GOMEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH McDADE *et. al*,<br><br>  Plaintiffs,<br><br>  vs.<br><br>CITY OF PASADENA, *et al*.,<br><br>  Defendants. | CASE NO. CV 12-02892 DMG (JCGx)<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br><br>DATE:  February 15, 2013<br>TIME:   1:30 p.m.<br>DEPT:   Courtroom 7, 2nd Floor<br><br>[HONORABLE JUDGE GEE] |

The following report is submitted in compliance with Rule 26(f), F.R.Civ.P. and Local Rule 26-1.

1. **Initial Disclosures, Preservation of Discoverable Information and Discovery Plan:**

Counsel agree that no changes should be made in the timing, form, or requirements for disclosures under Rule 26(a).  The parties are not requesting changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules.  There are no anticipated issues about disclosure or discovery of electronically stored information.

Counsel agree that no changes should be made as to discovery as it is governed by law or Local Rule and that this is not a case which is sufficiently complex to be governed by the procedures of the federal "Manual for Complex Litigation."  All parties have agreed to preserve all discoverable information.

The parties propose the following pretrial dates, as set forth in full within the parties' Schedule of Pretrial and Trial Dates worksheets, attached hereto as Exhibit A and B.

| Matter | Plaintiffs | Defendants |
|---|---|---|
| Amend Pleadings | 3/15/13 | 3/15/13 |
| Non-Expert Discovery Cut-Off | 9/3/2013 | 12/13/13 |
| Motion Cut-Off | 10/5/13 | 1/14/14 |
| Initial Expert Disclosures | 7/24/13 | 11/1/13 |
| Rebuttal Expert Disclosures | 8/27/13 | 12/6/13 |
| Expert Discovery Cut-Off | 10/8/13 | 1/17/14 |
| Settlement Conference Completion | 11/12/13 | 2/21/14 |
| Motions in Limine filing | 11/24/13 | 3/4/14 |
| Oppositions to Motions in Limine | 12/3/13 | 3/11/14 |
| Pretrial Conference | 12/15/13 | 3/25/14 |
| Trial | 1/17/14 | 4/22/14 |

**2.    A Listing and Proposed Schedule of Law and Motion Matters:**

Pending motions:  Defendants Motion to Dismiss portions of Plaintiffs McDade and the Estate of Kendrec McDade's Third Amended Complaint has been submitted and remains pending. Defendants' Motion for Protective Order was granted by Magistrate Gandhi on January 15, 2013.

Anticipated motions:  Defendants anticipate filing a Motion for Summary Judgment challenging the entirety of all Plaintiffs claims and propose a cutoff date of January 14, 2014 for the filing of any dispositive motion.

**3.    Settlement Processes:**

Plaintiffs propose a settlement conference before an attorney from the Attorney Settlement Officer Panel under Local Rule 16-14.4(2) with a settlement procedure completion date of July 12, 2013.

Defendants submit that it is premature to discuss settlement.  No efforts have yet been made to settle this case.  However, Defendants are amenable to participating in an early settlement conference with a magistrate judge if the facts ultimately demonstrate that settlement is a possibility.  Plaintiff Anya Slaughter does not oppose an early settlement conference.

**4.    Estimated Length of Trial and Proposed Dates:**

The parties anticipate trial will proceed for approximately 6-8 court days and propose the schedules above for the final pretrial conference and trial.

**5.    Amended Pleadings and New Parties:**

No further amendments to the pleadings and no new parties are anticipated at this time, except that Plaintiffs reserve the right to name the "doe" defendants identifies in their pleadings by their true names when such names are ascertained.

**6.    Jury Trial:**

All parties have demanded a trial by jury.

7. **Other Issues Affecting the Management of the Case:**

   a. **Designation of Lead Counsel for Plaintiffs**: Due to prior difficulties in reaching a consensus on routine matters as well as to assure this matter progresses as expeditiously and smoothly as possible, Defendants request that the Court appoint counsel for Plaintiff Slaughter as lead counsel for all Plaintiffs for case management purposes.

   b. **"The Estate of Kendrec McDade:"** The phrase "Estate of Kendrec McDade" appears on the caption of certain documents filed in this case. After declarations were filed pursuant to California Code of Civil Procedure section 377.32 indicating that no such entity exists, Plaintiff Kenneth McDade, through his attorney, filed a probate petition to administer the estate in the California Superior Court located in Pasadena. *See Estate of Kendrec McDade* (Case No. GP016933) (Nov. 9, 2012).  Plaintiff Anya Slaughter has filed objections to that petition on the grounds, inter alia, that nobody has an interest in the estate superior to hers, that the petition is unnecessary, and that the petition is procedurally incomplete and defective.  Plaintiff Slaughter contends that the probate filing is unnecessary and should be dismissed or both parents should be named as joint representatives of the estate.

8. **Synopsis of the Principal Issues in the Case:**

   This lawsuit arises out of the shooting of then-19 year-old Kendrec McDade by Defendant Pasadena Police Officers Griffin and Newlen on March 24, 2012. Kendrec succumbed to his injuries and died the following day. His parents Anya Slaughter and Kenneth McDade have sued for a variety of causes of actions that include but are not limited to wrongful death.

///
///
///

The following among the principal issues raised by the Third Amended Complaint filed by Plaintiff Anya Slaughter, the mother of Kendrec McDade:

    a.    Does the City of Pasadena have an unconstitutional custom, policy, or practice related to "waistband shootings" of unarmed citizens?

    b.    Did the killing of Kendrec McDade, who was unarmed, constitute unreasonable or excessive force under the circumstances?

    c.    Does the killing of Kendrec McDade shock the conscience?

    d.    Did the killing of Kendrec McDade result from negligence on the part of Defendants?

    e.    Did the killing of Kendrec McDade result from conduct that was malicious, oppressive or in reckless disregard his rights?

Defendants contend the following issues are raised based upon the operative complaints of Plaintiffs:

    a.    Did the Defendant officers have probable cause to detain and/or arrest Plaintiffs' decedent during the incident giving rise to this litigation?

    b.    Did the Defendant officers reasonably conclude that deadly force was authorized during the incident giving rise to this litigation?

    c.    In regards to Plaintiff McDade's allegations of Conspiracy, did any Defendant engage in a conspiracy in investigating the subject incident?

    d.    If the officers' actions violated any civil rights, were those actions undertaken pursuant to an official City policy?

///
///
///
///
///
///

Defendants contend, and Plaintiffs deny, that each of the above-referenced issues is appropriate for adjudication in a Motion for Summary Judgment.

DATED: February ___, 2013          **LAW OFFICES OF CAREE HARPER**

By: _____
    Caree Harper
    Attorney for Plaintiffs
    KENNETH McDADE & THE
    ESTATE OF KENDREC McDADE

DATED: February 1, 2013          **LAW OFFICES OF DALE K. GALIPO**

By:     /s/   Thomas C. Seabaugh
    Dale K. Galipo
    Thomas C. Seabaugh
    Attorney for Plaintiff
    ANYA SLAUGHTER

DATED: February 1, 2013          **MEYERS, NAVE, RIBACK, SILVER & WILSON**

By:     /s/  Kevin E. Gilbert
    Kevin E. Gilbert
    Attorney for Defendants
    CITY OF PASADENA, CHIEF
    SANCHEZ, OFFICERS NEWLEN and
    GRIFFIN and DET. KEITH GOMEZ